HOFFER, *vs.* GLADDEN *et al.*

MONEY RULE, FROM BARTOW. Evidence. Practice in Supreme Court. Fraud Mortgage. Debtor and Creditor. Record. Charge of Court. (Before Judge Lumpkin.)

Jackson, C. J.—1. Grounds of a motion for new trial, which complain of the admission of evidence, but do not state the ground of objection thereto, cannot be considered by this court.

2. There was no error on this issue in giving in charge to the jury §§3173, 3176, 2751, of the Code, which define constructive and actual fraud, and announce that fraud may be consummeted by signs or tricks, or through agents employed to deceive, or any other unfair way used to cheat another, and declare that fraud voids all contracts, and though it cannot be presumed, yet is subtle in itself, and slight circumstances may be sufficient to carry conviction of its existence.

3. Where a mortgage was attacked as fraudulent, and it appeared that it had been attested before a notary public as of May 5, 1882, and subsequently a paper was pasted over this attestation, containing a sec ond attestation before a commissioner of deeds for Georgia in Missouri, which was without date, and it was conceded that the true date of the execution of the mortgage was June 23, 1882, and it appeared that that was the date of the commissioner's attestation, it was the duty of the judge to submit to the jury the question whether this was a fair re-execution of an instrument at first illegally executed, and whether it was made in good faith, or was fraudulent in design.

.4. To sell or mortgage his entire property by an insolvent debtor pending suit, is a badge of fraud; and to do so in an unusual mode differing from the manner in which such business is generally transacted to the extent that suspicion would be excited that the transaction was unfair, is also a badge of fraud. To charge this in effect was not error, nor was it necessary for the court to tell the jury what is usual or what would excite suspicion.

5. Failure to produce testimony is a badge of fraud, where the *bona fides* of the transaction is in issue, and witnesses, who ought to be able to explain it, are in reach.

6. Concealment also is a badge of fraud, and such concealment might exist, although the mortgages were recorded, the record showing only a fair copy of the papers, and not a blur or alteration, or pasting of one attestation over another; and fraud arising from such concealment and other badges, will vitiate the mortgage, as respects subsequent creditors who give credit about the time of its commission.

(a) In this case all of the creditors had given credit before the transaction, except one, and he had made part of his account prior to the mortgage; and all gave credit about or before the time these curious mortgages were executed and re-executed in such an unusual manner. The charge, if obscure or objectionable, did no harm. If the transaction was consummated with intent to wrong creditors dealing with the debtor, and did hurt them, it was fraudulent. Bump Fraud. Conv., pp. 314-18 and cit.

7. It was right to charge §1952 of the Code, which defines fraudulent conveyances.

8. The evidence of fraud in this case is abundant, and the verdict was justified, if not required by the evidence. 23 How. (U. S.), 477; 6 Wall., 299, headnote 7; Bump Fraud. Conv., pp. 38, 40, 48, 34, 36, 37, and cit.; 56 Ga., 414; 17 Id., 558; 31 Id., 371; 22 Id., 402.

Judgment affirmed.

Graham & Graham, for plaintiff in error.

J. M. Neel; Jno. H. Wikle; Jno. W. Akin; R. W. Murphy, for defendants.